# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PETER GRIFFIN,**

    Petitioner,

    -vs-                                                      **Case No. 15-C-1475**

**SHERIFF DAVID CLARKE,**

    Respondent.[1]

# DECISION AND ORDER

Griffin, a federal pretrial detainee at the Milwaukee County Jail, filed this action seeking relief under 28 U.S.C. § 2241.[2] Liberally construed, he alleges that state actors are engaging in fraud and conspiracy to violate his rights, including obtaining and executing a stale search warrant; that the federal criminal complaint is defective—he is being framed by fabricated charges and allegations; that the indictment is fatally defective; that he is legally and factually innocent; that the district court lacks

---

[1] The Court has dismissed Respondents John Doe/Jane Doe from this action because the only proper Respondent is the official who has custody of pro se Petitioner Peter Griffin. *See generally,* Rule 2 of the Rules Governing § 2254 Cases in the United States District Courts. Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as those under 28 U.S.C. § 2241. *See also* Civ. L.R. 9(a)(2) (E.D. Wis.).

[2] The Court takes judicial notice pursuant to Fed. R. Evid. 201 that Peter Griffin is a Defendant in *United States v. Griffin,* Case No. 15-Cr-238 (E.D. Wis.) and is charged with being a felon in position of a firearm (Count One) and possessing controlled substances involving 28 or more grams of cocaine base and 100 grams or more of heroin (Count Two).

jurisdiction over him; and that the search warrant not signed by a judicial officer and was not executed or returned in a timely manner. He also alleges that he has serious heart conditions and, as a result, must wear several machines, he needs to be monitored by specialized physicians, and is in serious physical danger because he is not receiving adequate medical care.

The case is now before the Court for preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides, upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

A petition for a writ of habeas corpus allows the petitioner to challenge the fact, length, or conditions of custody and to seek immediate release. *See, e.g., Preiser v. Rodriguez,* 411 U.S. 475, 484-85 (1973). A pretrial detainee may file a habeas corpus petition pursuant to section 2241. *See* 28 U.S.C. § 2241. However, to be eligible for habeas corpus relief under section 2241, a federal pretrial detainee must first exhaust other available remedies. *See Jones v. Perkins,* 245 U.S. 390, 391 (1918) ("It is

well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); *see also Riggins v. United States,* 199 U.S. 547, 550-51 (1905); *Fassler v. United States,* 858 F.2d 1016, 1018-19 (5th Cir. 1988); *United States v. Pipito,* 861 F.2d 1006, 1009 (7th Cir. 1987); *Gov't of the Virgin Islands v. Bolones,* 427 F.2d 1135, 1136 (3d Cir. 1970) (When a defendant is awaiting trial, the appropriate mechanisms for challenging the legality of an arrest, the constitutionality of the government's actions, or the admissibility of evidence are pretrial motions); *Williams v. Hackman,* 364 F.App'x 268, 268 (7th Cir. 2010) (unpublished).

Griffin's claims regarding his arrest and the search of his home, the charges against him, the court's jurisdiction, and the delay in his initial appearance fall within the scope of issues that are routinely litigated during federal criminal cases. The record in *Griffin,* Case No. 15-Cr-238 (*see e.g.*, ECF Nos. 19, 22), also indicates the health concerns presented by Griffin's confinement in the Jail have been raised in those proceedings.

Because Griffin has not presented exceptional circumstances a habeas petition is inappropriate in this case; Griffin should pursue available remedies in his pending federal criminal case. Therefore, the

Court dismisses Griffin's petition and this action.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

John Doe/Jane Doe are **DISMISSED** from this action.

Griffin's petition for a writ of habeas corpus is **DISMISSED without prejudice.**

This action is **DISMISSED**.

The Clerk of Court is directed to **ENTER JUDGMENT** accordingly.

Dated at Milwaukee, Wisconsin, this 22nd day of January, 2016.

BY THE COURT:

*[signature]*

**HON. RUDOLPH T. RANDA
U.S. District Judge**